**Troy M. SMITH, Appellant,**

v.

**OFFICE OF THE ARCHITECT OF THE CAPITOL, Appellee.**

**No. 01–5402.**

United States Court of Appeals, District of Columbia Circuit.

Filed March 4, 2003.

Before TATEL and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* Fed. R.App. P. 36; D.C. Cir. R. 36(b). It is

**ORDERED and ADJUDGED** that the district court's order be affirmed substantially for the reasons stated in its opinion. Assuming *arguendo* that 2 U.S.C. § 1317(a) provides a cause of action, Smith waived his argument regarding *Brown v. Brody,* 199 F.3d 446 (D.C.Cir.1999), on Counts 1, 3, 4, 5, and 6 by failing to raise it in the district court. *Amax Land Co. v. Quarterman,* 181 F.3d 1356, 1369 (D.C.Cir. 1999). On Count 2 concerning the alleged denial of sick leave and worker's compensation after Smith investigated the second cafeteria incident, Smith's conclusory assertions never demonstrated that his actions constituted "participat[ion] ... in a hearing or other proceeding" under the formal OSHA enforcement procedures established in 2 U.S.C. § 1341(c). *Cf. Smith v. Sec'y of the Navy,* 659 F.2d 1113, 1121–22 (D.C.Cir.1981) (involving an equal employment opportunity counselor whose job duties by definition involved assisting in investigating Title VII grievances). Nor did he show that his actions that day involved "stepping outside" his normal job duties to "oppose[ ] any practice made unlawful" by the Congressional Accountability Act and the Occupational Safety and Health Act. *Cf. EEOC v. HBE Corp.,* 135 F.3d 543, 554 (8th Cir.1998) (distinguishing the mere reporting of potential compliance problems when such a report is within the scope of an employee's duties from opposition activities such as refusing to carry out unlawful policies).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after

resolution of any timely petition for re-hearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41.